IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR MARTIN COUNTY, FLORIDA

CARLOS MORENO-ALVAREZ,

Plaintiff,

vs. Case No:

HOME DEPOT U.S.A., INC., a foreign profit corporation,

Defendant.
_________________________________/

**COMPLAINT**

COPY

Plaintiff, CARLOS MORENO-ALVAREZ, sues Defendant HOME DEPOT U.S.A., INC., a foreign profit corporation (hereinafter "HOME DEPOT"), and states the following:

1. This is a cause of action for damages in excess of $50,000.00.

2. All conditions precedent to filing this action have been complied with, expired, and/or waived.

3. The incident described herein occurred in Orange County, Florida.

4. On or about February 9, 2024, Defendant, HOME DEPOT, possessed, controlled, operated, and/or maintained a retail store located at 3030 SE Federal Highway in Stuart, Martin County, Florida.

5. At that time and place, Plaintiff, CARLOS MORENO-ALVAREZ, was an invitee lawfully on the premises of Defendant's store.

6. Plaintiff, CARLOS MORENO-ALVAREZ, went to the subject HOME DEPOT store to purchase a pressure washer.

7. Plaintiff, CARLOS MORENO-ALVAREZ, asked a HOME DEPOT employee for assistance in retrieving the pressure washer because HOME DEPOT had the pressure washers locked behind a metal security bar to deter theft.

8. The HOME DEPOT employee failed to use due care while moving a metal bar to allow Plaintiff to retrieve the pressure washer and negligently caused the metal bar to fall onto Plaintiff, CARLOS MORENO-ALVAREZ.

9. The HOME DEPOT employee had a duty to handle large merchandise in a safe manner, protect customers' safety, warn customers of any dangerous conditions, and otherwise use reasonable care.

COPY

10. The HOME DEPOT employee breached these duties by negligently:

a. Failing to take necessary precautions while handling large the metal bar;
b. Failing to move the metal bar in a safe and prudent manner;
c. Causing the metal bar to fall onto the Plaintiff;
d. Failing to warn the Plaintiff of the dangerous condition; and
e. Otherwise failing to use reasonable care.

11. At all times material hereto, the employee described herein was acting in the course and scope of his employment with Defendant, HOME DEPOT. Accordingly, Defendant, HOME DEPOT, is vicariously liable for its employee's negligence.

12. As the direct and proximate result of the negligence of Defendant, HOME DEPOT'S, employee, Plaintiff, CARLOS MORENO-ALVAREZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care

and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, CARLOS MORENO-ALVAREZ, demands judgment for damages against Defendant, HOME DEPOT.

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 7th day of November, 2025.

By: /s/ Shawn McCloskey

**SHAWN MCCLOSKEY**
Attorney Email: smccloskey@schwedlawfirm.com
**Eservice Email: eservice@schwedlawfirm.com**
Bar Number: 113016
Attorney for Plaintiff, CARLOS MORENO-ALVAREZ
Schwed, Adams & McGinley, P.A.
7111 Fairway Drive, Suite 105
Palm Beach Gardens, FL 33418
Telephone: (561) 694-6079 Main
Facsimile: (561) 694-6089

COPY